# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | ~~02 C 9211~~ & 02 C 9212 | DATE | 4/15/2003 |
| CASE TITLE | Jack Nauheim vs. The Interpublic Group of Companies, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: We find that defendants' removal of the Complaint was improper under 15 USC §§77v(a), 77p(c), and therefore remand the case pursuant to 28 U.S.C. §1447(c) to the Circuit Court of Cook County, Illinois. Plaintiff's motion to remand (12-1) the Complaint to the Circuit Court of Cook County, Illinois is granted. The Clerk of the Court is directed to remand the above cause of action to the Circuit Court of Cook County, Illinois. The status hearing set for 4/24/03 is stricken Any other pending motions are moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | APR 16 2003 | |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | 14 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 4/15/2003 | |
| | | date mailed notice | |
| GL | courtroom deputy's initials | GL | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JACK NAUHEIM, on behalf of )
himself and all others similarly situated, )
)
Plaintiff, )
)
v. ) Case No. 02-C-9211
)
THE INTERPUBLIC GROUP OF COMPANIES, )
INC., JOHN J. DOONER, JR., SEAN F. ORR, )
FREDERICK MOLZ, FRANK J. BORELLI, )
REGINALD K. BRACK, JIM M. CONSIDINE, )
JAMES R. HEEKIN, FRANK B. LOWE, )
MICHAEL A. MILES, LEIF H. OLSEN, )
J. PHILLIP SAMPER, and PRICE )
WATERHOUSECOOPERS, LLP, )
)
Defendants. )



## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Presently before us is the motion of Defendants, The Interpublic Group of Companies, Inc. ("IPG"), PricewaterhouseCoopers, LLP ("PwC"), John J. Dooner, Jr., Sean F. Orr, Frederick Molz, Frank J. Borelli, Reginald K. Brack, Jim M. Considine, James R. Heekin, Frank B. Lowe, Michael A. Miles, Leif H. Olson, and J. Phillip Samper (collectively the "Defendants") to transfer venue to the United States District Court for the Southern District of New York. Also before us is Plaintiff Jack Nauheim's motion to remand the putative shareholder class action complaint (the "Complaint") to the Circuit Court of Cook County, Illinois. For the reasons set forth below, we grant Plaintiff's motion to remand.[1]

---

[1] In an order dated Friday, March 11, 2003, we consolidated the present action with *Bejma v. The Interpublic Group of Companies, Inc.*, Case No. 02-C-9212, pursuant to Federal Rule of Civil Procedure 42(a).

## I. BACKGROUND

On November 22, 2002, Plaintiff filed a putative shareholder class action complaint against Defendants in the Circuit Court of Cook County, Illinois. Defendant IPG is a global advertising and marketing communications and services company. Defendant PwC is a firm of certified public accountants that provides independent auditing of IPG's financial statements. Individual Defendants are all current or former officers and directors of IPG. The Complaint relates to Plaintiff's acquisition of IPG securities in connection with IPG's acquisition of True North Communications, Inc. ("True North") in a stock-for-stock transaction. Plaintiff and other former True North shareholders exchanged their True North shares for newly-issued IPG shares in a June 2001 offering. The Complaint alleges that the Registration Statement and Prospectus filed with the Securities Exchange Commission contained materially false statements and material omissions regarding the true nature of IPG's financial condition, including its net income and expenses. IPG has stated that it will restate its earnings for a five-year period beginning in 1997.

The Complaint alleges violations of sections 11 and 15 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §§77k and 77o. While alleging violations of federal securities law only, Plaintiff brought the Complaint in state court pursuant to the concurrent jurisdiction provided by 15 U.S.C. §77v(a). On December 18, 2002, Defendants timely removed the action to this Court under the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), 15 U.S.C. §§77p(c), 78bb(f)(2). On January 10, 2003, Defendants moved under 28 U.S.C. §1404(a) to transfer venue to the United States District Court for the Southern District of New York where thirteen other securities class actions, each arising out of similar events as those alleged in the present case, have been filed and consolidated.[2] The

---

[2] Plaintiff and his counsel filed one of the actions and unsuccessfully sought to be appointed as lead plaintiff and lead counsel.

complaints allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"). After Plaintiff filed the Complaint at issue, the court-appointed lead plaintiff in the New York consolidated action filed an amended complaint that additionally alleged violations of Sections 11 and 15 of the Securities Act. Plaintiff moved on January 17, 2003 to remand the Complaint to the Circuit Court of Cook County, Illinois under 28 U.S.C. §1447 and SLUSA, 15 U.S.C. §§77v, 77p(c).

## II. ANALYSIS

Defendants urge this Court to first decide the motion to transfer. We decline to do so, and instead turn our attention to Plaintiff's motion to remand. *See Meyers v. Bayer AG*, 143 F.Supp.2d 1044, 1048-49 (E.D. Wisc. 2001) (finding in the context of a motion to stay and a motion to remand that "a court should first give preliminary scrutiny to the merits of the motion to remand."). As we discuss *infra*, our determination of Plaintiff's motion to remand implicates the issue of whether we have jurisdiction over the matter. The Supreme Court has long held that "[w]ithout jurisdiction the court cannot proceed at all in any cause." *Ex parte McCardle*, 74 U.S. 506, 514, 19 L.Ed. 264 (1868). Indeed, 28 U.S.C. §1447(c) dictates that "[i]f at any time before judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." Judicial economy similarly drives our decision to first examine Plaintiff's motion to remand because that examination may, as Plaintiff suggests, be dispositive as to both motions. Finally, we address the motion to remand first because it undeniably effects Plaintiff's ability to draft the Complaint so as to choose the forum in which to litigate the matter. *See Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 410 (7th Cir. 2000).

Plaintiff claims that the Complaint was improperly removed under 28 U.S.C. §1441(a) and SLUSA, 15 U.S.C. §§77v, 77p(c). Title 28 U.S.C. §1441(a) states:

3

> *Except as otherwise expressly provided by Act of Congress*, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. (emphasis added).

In the case presently before us, the Complaint alleges violations of sections 11 and 15 of the Securities Act, 15 U.S.C. §§77k and 77o. Plaintiff brought the Complaint in the Circuit Court of Cook County, Illinois pursuant to the concurrent jurisdiction provision of the Securities Act, 15 U.S.C. §77v(a), which provides:

> The district courts of the United States and United States courts of any Territory shall have jurisdiction of offenses and violations under this title and under the rules and regulations promulgated by the Commission in respect thereto, and concurrent with state and territorial courts, except as provided in section 16 with respect to covered class actions, of all suits in equity and actions at law brought to enforce any liability or duty created by [15 U.S.C. §§77a, *et seq.*].

Until 1998, section 77v of the Securities Act prohibited the removal of any claim brought in state court. *See Piambino v. Bailey*, 610 F.2d 1306, 1333 (5th Cir. 1980). In 1998, Congress enacted SLUSA, which, in part, amended section 77v of the Securities Act to read as follows: "*Except as provided in section 77p(c) of this title*, no case arising under this subchapter and brought in any State court of competent jurisdiction should be removed to any court of the United States." 15 U.S.C. §77v(a) (emphasis added). Section 77p(c) of the Securities Act permits removal of "[a]ny class action brought in any State court involving a covered security, as set forth in subsection (b)." Subsection (b) of section 77p provides:

> No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging --
>
> (1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or

4

(2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

In enacting removal legislation, Congress intended to "restrict the jurisdiction of federal courts on removal," thereby requiring district courts to strictly construe such statutes. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941). The party that removes an action to federal court bears the burden of demonstrating the propriety of removal. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97-98, 42 S.Ct. 35, 37, 66 L.Ed. 144 (1921). Defendants contend that section 77p(c) permits removal of any covered class action alleging fraud or manipulation involving the purchase or sale of covered securities, *including* those actions which are based on federal securities laws. It is in accordance with that contention that Defendants removed the Complaint to this Court. Plaintiff asserts that section 77p(c) permits removal of *only* those covered class action complaints based on State statutory or common law that allege fraud or manipulation involving the purchase or sale of covered securities. Consequently, Plaintiff argues that Defendants' removal was improper because the Complaint only alleges violations of federal law. We agree with Plaintiff's interpretation of the statute.

To determine Congress' intention in enacting the legislation at issue, we look first to the plain language of the statute. *See Reves v. Ernst & Young*, 507 U.S. 170, 177, 113 S.Ct. 1163, 1169, 122 L.Ed.2d 525 (1993); *see also O'Kane v. Apfel*, 224 F.3d 686, 688-89 (7th Cir. 2000). When statutory language "is clear and unambiguous, no need exists for the court to examine the legislative history, and the court must give effect to the plain meaning of the statute." *United States v. Hayward*, 6 F.3d 1241, 1245 (7th Cir. 1993). In contrast, a court may look beyond "the express language of a statute only where that statutory language is ambiguous or a literal interpretation would lead to an absurd result or thwart

5

the purpose of the overall statutory scheme." *United States v. 916 Douglas Ave.*, 903 F.2d 490, 492 (7th Cir. 1990).

The plain language of the Securities Act, 15 U.S.C. §77v(a), as amended by SLUSA, states Congress' intent to prohibit removal of any "case arising under this subchapter and brought in any State court . . . [e]xcept as provided in section 77p(c) of this title." Section 77p(c) permits removal of "[a]ny covered class action brought in any State Court involving a covered security as set forth in subsection (b)." Subsection (b) in turn preempts any "covered class action" brought in "any State or Federal court" that is "based upon the *statutory or common law of any State or subdivision thereof*" alleging fraud or manipulation "in connection with the purchase or sale of a covered security." 15 U.S.C. 77p(b) (emphasis added). Thus, the plain language of the Securities Act, as amended by SLUSA, clearly and unambiguously permits the removal of only those covered class action complaints that are based on State statutory or common law.

Although the matter before this Court is one of first impression in this jurisdiction, the Southern District of Texas has found that "[w]ith respect to removal, the plain language of SLUSA, 15 U.S.C. §77p(c), evidences Congress' intent to preempt a specifically defined category of state-law class actions." *In re Waste Management, Inc. Securities Litig.*, 194 F.Supp.2d 590, 593 (S.D. Tex. 2002). Indeed, federal courts in various jurisdictions have concluded that "in order to remove an action to federal court under SLUSA, the removing party must show that (1) the suit is a covered class action, (2) *the plaintiffs' claims are based on state law*, (3) one or more covered securities has been purchased or sold, and (4) the defendant misrepresented or omitted a material fact in connection with the purchase or sale of such security." *Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 292 F.3d 1334, 1342 (11th Cir. 2002) (internal quotations omitted) (emphasis added); *see also In re Waste Management, Inc.* 194 F.Supp.2d at 594 (S.D. Tex. 2002) (setting forth the same test for removal under SLUSA); *Korsinsky*

*v. Salomon Smith Barney Inc.*, 2002 WL 27775 *3 (S.D.N.Y. Jan. 10, 2002) (same); *Hardy v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 189 F.Supp.2d 14, 17 (S.D.N.Y. 2001) (same); *Shaev v. Claflin*, 2001 WL 548567 *3-4 (N.D. Cal. May 17, 2001) (same).

Where, as here, the words of a statute are clear and unambiguous, our inquiry is complete. *See Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 254, 112 S.Ct. 1146, 1149, 117 L.Ed.2d 391 (1992). Defendants, however, assert that the language of the statute demands a different interpretation of the removal provision. In support of their assertion, Defendants cite to the recent case of *Brody v. Homestore, Inc.*, 240 F.Supp.2d 1122 (C.D. Cal. 2003) in which the court construed SLUSA, to permit the removal of any action regardless of whether it is based on state or federal law.[3] Defendants follow the analysis employed by the *Brody* court in contending that the reference in section 77v(a) prohibiting removal "[e]xcept as provided in section 77p(c)" dictates that section 77p(b) does not restrict removal to those covered class actions based upon state statutory or common law. They conclude that section 77p(c) permits removal of both federal and state law claims, while subsection (b) merely incorporates subsection (b)'s description of the types of state law claims that may be removed.

Defendants further utilize the analysis in *Brody* by arguing that if section 77p(c) limits removal to actions "based upon state statutory or common law of any state or subdivision thereof," it renders meaningless the separate anti-removal provision in section 77v(a) which states that "no case arising under this subchapter and brought in any State court" may be removed "[e]xcept as provided in section 77p(c) of this title." Defendants state that because no state law case can ever "arise under" the Securities Act, the only way to give meaning to section 77v(a) is to construe it as permitting the removal of all

---

[3] In our review of the relevant federal case law, the *Brody* court appears to be the first court to have reached such a conclusion with regard to removal under the Securities Act, as amended by SLUSA.

covered class actions alleging fraud or manipulation involving the sale or purchase of covered securities, regardless of whether they arise under state or federal law.

We disagree with Defendants' interpretation of the statute, as amended by SLUSA, as well as the analysis of the *Brody* court. Their collective examination of the statute disregards established Supreme Court precedent regarding statutory interpretation. Instead, Defendants and the *Brody* court advocate adding to the plain language of a statute they believe to be "inartfully (or even inaccurately) worded." *Brody*, 240 F.Supp.2d at 1123. Indeed, we believe our role is to apply the statute's text, not to improve upon it. *See Pavelic & LeFlore v. Marvel Entertainment Group*, 493 U.S. 120, 126, 110 S.Ct. 456, 460, 107 L.Ed.2d 438 (1989). Section 77v(a), as amended by SLUSA, is made meaningful by section 77p(c)'s preemption of an expressly delineated category of state law class actions as set forth under subsection (b). *See In re Waste Management*, 194 F.Supp.2d at 593. To otherwise interpret the statute would be to ignore its plain meaning.

Defendants suggest that Congress' stated intent in enacting SLUSA and the legislative history of the statute's passage supports the interpretation they advance above. The first sentence of SLUSA indicates otherwise, providing that the act's purpose is "to limit the conduct of securities class actions *under State law*." Securities Litigation Uniform Standards Act of 1998, Pub. L. No. 105-353, 112 Stat. 3227 (1998) (emphasis added). The number of state-law securities class actions had increased since Congress' passage of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), codified in part at 15 U.S.C. §§77z-1, 78u. *See* SLUSA, Pub. L. No. 105-353 §2(2); *see also Riley*, 292 F.3d at 1341. Congress enacted SLUSA in 1998 to "prevent plaintiffs from seeking to evade the protections that federal law provides against abusive litigation by filing suit in State court, rather than Federal court."

8

H.R. Conf. Rep. 105-803 (1998).[4] To that end, SLUSA prohibits a private party from bringing a "covered class action" that is "based upon the statutory or common law of any State or subdivision thereof" alleging fraud or manipulation involving the "purchase or sale of a covered security." 15 U.S.C. §77p(b). Any such claim filed in state court is removable to federal court. *See* 15 U.S.C. §§77v(a), 77p(c). SLUSA thereby makes federal court the exclusive venue for securities class actions that meet its definitions, ensuring that they will be governed by federal law. *See* 15 U.S.C. §§77p(b)-(c); *see also Riley*, 292 F.3d at 1341; *see also In re Waste Management*, 194 F.Supp.2d at 592. SLUSA did not change the prohibition on removing those actions filed in state court which are based entirely on federal securities law. *See id.*

In this case, Plaintiff's Complain is based entirely on federal securities law. Under the clear and unambiguous language of the statute, as amended by SLUSA, such an action cannot be removed from state court. *See* 15 U.S.C. §§77(a), 77p(c). Defendants have failed to show that Plaintiff's claims are based on state law and thus have not met their burden to demonstrate the propriety of the removal of the Complaint to this Court. *See Wilson*, 257 U.S. 97-98, 42 S.Ct. at 37; *see also Riley*, 292 F.3d at 1342 (setting forth factors under SLUSA that removing party must prove to succeed in removing action). We find that Defendants' removal of the Complaint was improper under 15 U.S.C. §§77v(a), 77p(c), and

---

[4]Defendants ask us to deny Plaintiff's motion for remand on the ground that Plaintiff filed the Complaint in the Circuit Court of Cook County, Illinois as a "hollow procedural maneuver" to avoid the heightened pleading requirement of the PSLRA and removal under SLUSA and thereby separate the case from the consolidated class action currently pending in the Southern District of New York. Even if we were to agree with Defendants' characterization of Plaintiff's motive for filing the Complaint in state court, the plain language of the statute requires us to find that Defendants' removal of the action was improper. *See* 15 U.S.C. §§77v(a), 77p(c).

9

therefore remand the case pursuant to 28 U.S.C. §1447(c) to the Circuit Court of Cook County, Illinois.[5]

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand the Complaint to the Circuit Court of Cook County, Illinois is granted. It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated 4/15/03

---

[5]Plaintiff asks us to award attorneys' fees and costs incurred in litigating the improper removal of the Complaint. Although we may award such fees and costs under 28 U.S.C. §1447(c), we decline to do in this case.

Defendants contend that we still have the subject matter jurisdiction necessary to transfer the action because Plaintiff could have initially filed the Complaint in federal court, thereby making Defendants' improper removal a procedural, not a jurisdictional defect. We disagree. The plain language of the Securities Act, as amended by SLUSA, makes clear that once a Plaintiff files suit in state court under the statute alleging violations of federal securities law only, that action cannot be removed to federal court. See 15 U.S.C. §§77v(a), 77p(c). In the context of this case, we never had jurisdiction over Plaintiff's Complaint because he chose to file in state court, consequently making Defendants' improper removal is therefore a jurisdictional defect. In light of our decision remanding the case, we deny Defendants' motion to transfer for lack of subject matter jurisdiction.

10